UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WAYMAN PATTERSON #390905,

        Plaintiff,                              Case No. 2:08-cv-78

v.                                                    Honorable R. Allan Edgar

PAUL GODWARD, et al.,

        Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on May 15, 2008. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In the report and recommendation, the Magistrate Judge found that Plaintiff's claims of false retaliatory misconduct tickets were barred by the doctrine set forth in *Edwards v. Balisok*, 520 U.S. 641 (1997), and *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff claims that this recommendation is erroneous because he is seeking to assert a First Amendment violation, rather than a due process violation. However, nothing in the language of either *Edwards* or *Heck* limit their holdings to claims under the Fourteenth Amendment. Therefore, the court concludes that this objection lacks merit.

Plaintiff also cites *Thomas v. Erby*, 481 F.3d 434, 439-440 (2007), for the proposition that the doctrine set forth in *Edwards v. Balisok*, 520 U.S. 641 (1997) and *Heck v. Humphrey*, 512 U.S. 477 (1994) does not bar his claims his of false retaliatory misconduct tickets. In *Thomas*, the plaintiff claimed that his misconduct ticket was false and retaliatory. The district court concluded that this claim was barred by *Heck* and *Edwards*. The Sixth Circuit noted that while Michigan has a "good time" program, Thomas committed his underlying offense too late to be eligible for the program, and that the MDOC administered Thomas's sentence under the less generous "disciplinary credit" scheme pursuant to MCL § 800.33(5). *Thomas*, 481 F.3d at 439. The Sixth Circuit stated:

> MDOC claims that Thomas's loss of disciplinary credits necessarily lengthens his sentence, and that Thomas's § 1983 claim therefore is barred under the habeas exception. However, the decision in *Ryan v. Department of Corrections*, 259 Mich. App. 26, 672 N.W.2d 535 notes that disciplinary "credits are explicitly tied to a prisoner's parole eligibility date and discharge date . . . Thus, credits do not determine when a sentence expires or is completed, but only when a prisoner is subject to parole or discharge." *Id.* at 541. This passage and the statute's text demonstrate that, as in *Dotson*, success in Thomas's § 1983 claim would not necessarily affect the duration of his sentence because prison officials would retain discretion regarding whether to grant him parole. Accordingly, the habeas exception does not bar Thomas's § 1983 claim.

*Thomas*, 481 F.3d at 439-440.

As noted above, the application of disciplinary credits to Thomas's sentence was governed by MCL § 800.33(5). According to this provision, except as provided in section 34, all prisoners serving a sentence on December 30, 1982, or incarcerated after December 30, 1982, for the conviction of a crime enumerated in section 33b(a) to (cc) of 1953 PA 232, MCL 791.233b, are eligible to earn a disciplinary credit of 5 days per month for each month served after December 30, 1982. Accumulated disciplinary credits shall be deducted from a prisoner's minimum and maximum sentence in order to determine his or her parole eligibility dates. The administration of the instant

Plaintiff's sentence is not governed by this provision because he was not convicted of a crime enumerated in MCL 791.233b.  (*See* Plaintiff's Offender Profile, http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=390905.)  Rather, it is governed by MCL 800.33(3), which states:

> Except as provided in section 34, all prisoners serving a sentence for a crime that was committed on or after April 1, 1987 are eligible to earn disciplinary and special disciplinary credits as provided in subsection (5). Disciplinary credits shall be earned, forfeited, and restored as provided in this section. Accumulated disciplinary credits shall be deducted from a prisoner's minimum and maximum sentence in order to determine his or her parole eligibility date and discharge date.

Therefore, Plaintiff's situation is distinguishable from that of the plaintiff in *Thomas v. Erby*. Accordingly, Plaintiff's reliance on the holding in *Thomas* lacks merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.  Accordingly, should

- 4 -

plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.


Dated:      6/30/08                             /s/ R. Allan Edgar
                                            R. ALLAN EDGAR
                                            UNITED STATES DISTRICT JUDGE